IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Alan B. Fabian | * | |
| 2 Brett Manor Court | | |
| Hunt Valley, Maryland 21030, | * | |
| | | |
| Plaintiff, | * | Civil Action No. |
| | | |
| v. | * | |
| | | |
| Palisades Collections OSI | * | |
| 210 Sylvan Avenue | | |
| Englewood Cliffs, New Jersey 07632, | * | |
| | | |
| and | * | **COMPLAINT** |
| | | |
| Asta Funding, Inc. | * | |
| 210 Sylvan Avenue | | **JURY TRIAL DEMANDED** |
| Englewood Cliffs, New Jersey 07632, | * | |
| | | |
| and | * | |
| | | |
| TxCollect Inc. dba CTI | * | |
| PO Box 42829 | | |
| Austin TX 78704-0048 | * | |
| | | |
| and | * | |
| | | |
| OSI Portfolio Services | * | |
| 2425 Commerce Avenue | | |
| Building 2100, Suite 100 | * | |
| Duluth, Georgia 30096, | | |
| | * | |
| and | | |
| | * | |
| Trans Union, LLC | | |
| P.O. Box 2000 | * | |
| Chester, Pennsylvania 19022 | | |
| | * | |
| and | | |
| | * | |
| Experian Information Solutions, Inc. | | |
| P.O. Box 2104 | * | |
| Allen, Texas 75013-2104 | | |
| | * | |

|  |  |
|---|---|
| and | |
|  | * |
| AT&T Credit Corporation | |
| Room 3a130 | * |
| 2 Gatehill Drive | |
| Parsippany, New Jersey 07054, | * |
|  | |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Alan Fabian sues defendants as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et. seq, the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601 et. seq, and for pendent state law claims pursuant to 28 U.S.C. §§ 1334, 1367.

2. Jurisdiction is proper in this District because plaintiff resides in this District and defendants do business in this District. Venue is proper in this District pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1391(b)(2).

### The Parties

3. Plaintiff Alan Fabian is a resident of Baltimore County and a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and 15 U.S.C. § 1699a(2) of the CCPA.

4. Defendants Trans Union and Experian are both non-Maryland, foreign corporations with their principal places of business located outside of Maryland. Both are consumer reporting agencies as defined in FCRA, 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and disseminating information

concerning consumers for the purpose of furnishing consumer reports, including, consumers in Maryland such as Mr. Fabian.

5. Defendant AT&T is a person who furnishes information to consumer reporting agencies as defined in FCRA, 15 U.S.C. § 1681s-2.

6. Defendants Palisades Collections OSI, Asta Funding, Inc., TxCollect Inc. dba CTI, and OSI Portfolio Services (collectively herein, the "Bill Collection Defendants") all are all debt collectors within the meaning of 15 U.S.C. § 1699a(6) of the CCPA. By information and belief, each has acted as the agent or alter-ego of the other, including but not limited to in the wrongful attempts to collect debts from Mr. Fabian.

## FCRA

7. Congress enacted FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681(b).

8. Under FCRA, wherever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

9. Under FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall

reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a)(1).

10. Under FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A).

11. Under FCRA, a person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and the information is, in fact, inaccurate. 15 U.S.C. § 1681s-2(a)(1)(B).

12. Under FCRA, a person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.   15 U.S.C. § 1681s-2(a)(2).

13. Under FCRA, after receiving notice pursuant to § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by

a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2); (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S. C. § 1681s-2(b).

14. Under FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

15. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

**The Maryland Consumer Credit Reporting Act ("MCCRA")**

16. MCCRA, Maryland Statutes Title 14, Commercial Law, Subtitle 12, further prevents consumer reporting agencies such as TransUnion and Experian from making or failing to make or correct certain reports concerning the credit of persons such as plaintiff in connection with transactions such as the alleged debt owed to AT&T.

17.     MCCRA prohibits consumer reporting agencies such as TransUnion and Experian from disseminating consumer credit reports on plaintiff other than to persons or entities which TransUnion and Experian have reason to believe are properly entitled to that information, as MCCRA details.

18.     MCCRA further requires TransUnion and Experian to give plaintiff explicit notice of any investigative consumer report which TransUnion and Experian propose to issue to any third person, and that TransUnion and Experian may not release any such investigative consumer report to any such third person without meeting the express requirements of the MCCRA.

## CCPA

19.     Under the CCPA, debt collectors such the Bill Collection Defendants which utilize abusive debt collection practices are subject to consumers' suits in damages and for attorneys fees.

20.     In particular, the CCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to the false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A), and/or communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, 15 U.S.C. § 1692e(8), and/or the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. 15 U.S.C. § 1692e(14).

21.     Further, the CCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt, including, but not limited to the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.   15 U.S.C. § 1692f(1).

## The Maryland Consumer Debt Collection Act ("MCDCA")

22.     MCDCA, Maryland Statutes Title 14, Commercial Law, Subtitle 2, further prevents "collectors" such as the Bill Collection Defendants from unfairly or wrongfully attempting to collect debts from persons such as the plaintiff, arising out of consumer transactions such as that underlying the alleged debt to AT&T, including, but not limited to, claiming to enforce rights with knowledge that the right does not exist, and disclosing information which affects and alleged debtor's reputation for creditworthiness with knowledge that the information is false.

## Facts

23.     Defendants' acts and omissions repeatedly have compromised plaintiff's creditworthiness.

24.     In 2000, plaintiff had an AT&T cellular phone.  Plaintiff disputed with AT&T approximately $300 in cellular phone bills.  Plaintiff, however, settled that dispute with AT&T so that no further receivable amount was due.

25.     Nevertheless, by information and belief, AT&T purported to sell or assign the non-existent receivable to the Bill Collections Defendants.

26.     The Bill Collection Defendants then demanded plaintiff to pay on this non-existent receivable, and by information and belief, when the Bill Collection

Defendants did not receive payment, the Bill Collection Defendants submitted a report of delinquency to defendants Trans Union and Experian.

27. Plaintiff has communicated to each of the Bill Collection Defendants, directly or through their agents, that no part of the alleged debt was due and that the deb had been fully satisfied. Plaintiff also communicated with defendants TransUnion and Experian, confirming that no part of the alleged debt was due. Nevertheless, the Bill Collection Defendants have persisted in attempting to collect the alleged debt, and defendants TransUnion and Experian have failed to remove from plaintiff's credit reports reference of the allegeed debt.

28. Further, despite plaintiff's communication with them requesting that such inquiry reports be removed or substantiated, defendants TransUnion and Experian further have failed to remove from their reports on plaintiff's credit, references to inquiries about plaintiff's credit from entities which plaintiff never authorized, directly or indirectly, TransUnion or Experian to provide.

29. Further, by information and belief defendant AT&T wrongfully provided the other defendants with false information about the alleged debt, namely, that the debt was still valid when in fact the debt had been fully compromised and no part of the alleged debt exists.

30. Because of defendants' wrongful acts as set out above, plaintiff has incurred damages, including, the limitation of his ability to extend lines of credit and to obtain further credit, as more fully set out below. Further, if the wrongful reports on plaintiff's credit report continue, plaintiff will suffer substantial economic damage due to the fact that the erroneous credit information maintained and reported by TransUnion and

Experion, apparently because of the continued report of the other defendants and TransUnion's and Experian's own faults, may adversely affect plaintiff's ability to obtain future credit.

### Count I - Against TransUnion and Experian

31.     Plaintiff repeats the foregoing paragraphs.

32.     Defendants TransUnion and Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) and the MCCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in the plaintiff's consumer report, including, but not limited to continuing to list the AT&T debt as valid and continuing to list inquiries from unauthorized entities about plaintiff's credit history.

33.     Defendants TransUnion and Experian further willfully and/or negligently violated 15 U.S.C. § 1681i(a) and the MCCRA, including, but not limited to, by failing to comply with the FCRA's and MCCRA's reinvestigation requirements, and further with respect to the MCCRA, by providing credit information to third parties in violation of the MCCRA, including, but not limited to, for the purposes of investigative credit reports.

34.     Experian's and TransUnion's actions and inactions as set out in this count have caused plaintiff and entitle plaintiff to receive a judgment against AT&T in damages, as set out below.

### Count II - Against AT&T

35.     Plaintiff repeats the foregoing paragraphs.

36.     Defendant AT&T has willfully and/or negligently violated the provisions of the FCRA by willfilly and/or negligently failing to comport with FCRA 15

U.S.C. § 1681s-2(b) by: failing to conduct an investigation with respect to the disputed information; failing to review all relevant information provided by consumer reporting agencies regarding the dispute; failing to report the results of the investigation to the consumer reporting agency who gave notice of the dispute and/or making an inaccurate report to such consumer reporting agency and/or the Bill Collection Defendants.

37.     AT&T's actions and inactions as set out in this count have caused plaintiff and entitle plaintiff to receive a judgment against AT&T in damages, as set out below.

### Count III - Against the Bill Collection Defendants

38.     Plaintiff repeats the foregoing paragraphs.

39.     The Bill Collection Defendants have violated the CCPA and MCDCA by utilizing abusive debt collection practices to attempt from plaintiff an invalid debt, including, but not limited to the following:

   (a)  Falsely representing the character, amount, or legal status of the alleged debt,

   (b)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

   (c)  Using any business, company, or organization name other than the true name of the debt collector's business, company, or organization;

   (d)  Using unfair or unconscionable means to collect or attempt to collect any debt, including, but not limited to the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. The Bill Collections Defendants' actions and inactions as set out in this count have caused plaintiff and entitle plaintiff to receive a judgment against the Bill Collections Defendants, jointly and severally in damages, as set out below.

### Count IV - Defamation

41. Plaintiff repeats the foregoing paragraphs.

42. Defendants have defamed plaintiff by wilfully or with gross negligence publishing false information about plaintiffs' credit status, as set out above.

43. Defendants' actions and inactions as set out in this count have caused plaintiff and entitle plaintiff to receive a judgment against defendants, jointly and severally in damages, as set out below.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues in the case as well as on any of defendants' defenses or claims.

### PRAYER FOR RELIEF

WHEREFORE, in response to each count above, plaintiff respectfully requests this Court to enter judgment for him against defendants as set out above, as follows:

A. For such compensatory and statutory damages that plaintiff may prove at trial or on summary judgment, including, where provided by statute, damages for mental and emotional distress and anguish in the amount of at least $75,000;

B. For attorney's fees and costs as provided by statute and incurred in this action; and

/

/

    C.    For such other and further relief as this Court may deem just and proper.

Dated: March 10, 2005

                      /s/   J. Stephen Simms
                      J. Stephen Simms (#4269)
                      W. Charles Bailey, Jr.
                      Simms Showers LLP
                      20 South Charles Street, Suite 702
                      Baltimore, Maryland 21201
                      410-783-5795